UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**BETTY VERDIN**                                    **CIVIL ACTION NO.**

**VERSUS**                                          **22-531-BAJ-EWD**

**FEDERAL EMERGENCY MANAGEMENT AGENCY**

## RULING AND ORDER

Before the Court is the Motion to Amend Complaint ("Motion"),[1] filed by Betty Verdin ("Plaintiff"). No timely opposition has been filed. Because the Motion seeks to add a federal agency and the directors of two federal agencies, in their official capacities, as defendants, which is an attempt to add the United States, which is already a defendant in this matter, Plaintiff's Motion will be denied.[2]

On August 3, 2022, Plaintiff filed a Complaint against the Federal Emergency Management Agency ("FEMA"), related to her claims for rental assistance after Hurricane Ida which hit the coast of Louisiana on August 21, 2021.[3] Specifically, Plaintiff alleges (1) that she applied for rental assistance from FEMA after Hurricane Ida, (2) that FEMA denied rental assistance, (3) that she appealed that decision, and her appeal was denied for lack of information, and (4) that even though she provided FEMA with "everything they asked [her] for," her application for rental assistance has been denied.[4] Plaintiff also filed a Motion to Proceed In Forma Pauperis ("IFP Motion"), which the Court granted.[5] Thereafter, summonses were issued to, and served on, FEMA, the U.S. Attorney General, and the U.S. Attorney for the Middle District of Louisiana, in compliance with

---

[1] R. Doc. 6.
[2] A motion for leave to amend is not among the motions expressly excluded from direct ruling by a magistrate judge under 28 U.S.C. § 636(b)(1)(A). Further, although the Fifth Circuit has not ruled on the issue, the weight of authority suggests that motions for leave to amend are generally considered nondispositive in nature. *See, e.g., Bona Fide Demolition and Recovery, LLC v. Crosby Construction Co. of La., Inc.*, 07-3115, 2010 WL 4176858, *1 (E.D. La. Oct. 20, 2010) (collecting cases).
[3] R. Doc. 1.
[4] *Id*.
[5] R. Docs. 2 & 3.

Fed. R. Civ. P. 4(i).[6] Plaintiff filed the Motion, seeking to add the following defendants: (1) Deanna Criswell, in her capacity as Director of FEMA ("Criswell"); (2) the Homeland Security Agency, which the Court construes as the Department of Homeland Security ("DHS"); and (3) Alejandro Mayorkas ("Mayorkas"), in his capacity as the Director of DHS.[7] While the Motion was pending, the United States, on behalf of FEMA, appeared in this matter and moved to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.[8]

A suit against a federal agency or a director of a federal agency, in his/her official capacity, is a suit against the government.[9] Plaintiff is seeking to add a federal agency (DHS) and the Directors of two federal agencies (Criswell and Mayorkas) as defendants. She does not allege any specific misconduct on the part of either Criswell or Mayorkas, suggesting that she is asserting a claim against them because they are the directors of FEMA and DHS, respectively, *i.e.*, official capacity claims.[10] Relatedly, any damages awarded to Plaintiff would be paid from the public fisc. By seeking to assert official capacity claims against Criswell and Mayorkas and to add DHS as a defendant, Plaintiff is really seeking to add the United States as a party, who has already been served and has appeared as a defendant in this matter. Thus, the relief Plaintiff is seeking in the Motion has already occurred—chiefly, the United States is a defendant, and it has appeared in this

---

[6] R. Docs. 4, 7, 8, & 9.
[7] R. Doc. 6.
[8] R. Docs. 10.
[9] *See, e.g.*, *Unimex, Inc. v. U.S. Department of Housing and Urban Development*, 594 F.2d 1060, 1061-62 (5th Cir. 1979) ("The claims against Hills and Hazelwood are in reality suits against the sovereign: each official was sued in an official capacity; the complaint does not allege any specific misconduct by either of them in his or her private capacities; and the monetary damages, if awarded, would be paid from the public fisc." (citations omitted)); *Supreme Home Health Services, Inc. v. Azar*, 380 F.Supp.3d 533, 546 & n. 4 (W.D. La. Apr. 23, 2019) ("An official capacity suit against the head of a federal department is a suit against the sovereign, i.e., the United States." (citations omitted)); *Maleche v. Solis*, 692 F.Supp.2d 679, 685 (S.D. Tex. Mar. 11, 2010) ("The defendant in this action, Hilda Solis, is Secretary of the United States Department of Labor (DOL). Suits against federal defendants (i.e., federal agencies and officials acting in their official capacity) are suits against the United States."); *Kirkpatrick v. Lynch*, No. 15-313, 2015 WL 5159410, at *2 (W.D. Tex. Sept. 2, 2015) ("In addition to the DOJ, Kirkpatrick has brought official capacity claims against Loretta E. Lynch, the Attorney General of the United States, and Richard L. Durbin, the United States Attorney for the Western District of Texas. As official capacity claims, Kirkpatrick's claims against Lynch and Durbin are really claims against the United States…").
[10] Likewise, suits against a government agency, such as DHS, are also suits against the United States. *See, e.g.*, *Employees Welfare Committee v. Daws*, 599 F.2d 1375,1377-78 (5th Cir. 1979).

matter and responded to Plaintiff's claims related to the denial of rental assistance after Hurricane Ida. Further, if Plaintiff's Motion were granted, additional time and expenses would be unnecessarily incurred in serving DHS, Criswell, and Mayorkas as required by Fed. R. Civ. P. 4(i), only for the United States to appear again, and the resolution of this matter would be needlessly delayed.[11]

Accordingly,

As the United States is already a party to this matter and has already responded to Plaintiff's claims, and as Plaintiff's Motion for Leave to Amend Complaint seeks to add additional parties that are also claims against the United States, **IT IS ORDERED** that the Motion to Amend Complaint,[12] filed by Plaintiff Betty Verdin, is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve this Order on Plaintiff Betty Verdin via regular and certified mail, return receipt requested at her address listed on PACER, 12753 Plank Road, Apt. 4, Baker, LA 70363.

Signed in Baton Rouge, Louisiana, October 11, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[11] The United States' Motion to Dismiss is also based on 42 U.S.C. § 5148, which provides that "The Federal Government shall not be liable for any claim based upon the exercise or performance of or the failure to exercise or perform a discretionary function or duty on the part of a Federal agency or an employee of the Federal Government in carrying out the provisions of this chapter."). The United States expressly argues that FEMA, who is the agency named in Plaintiff's original Complaint, is the agency that was tasked with performing the discretionary function of determining whether an individual is entitled to disaster relief assistance. R. Doc. 10-1, pp. 3-4; 6-9.
[12] R. Doc. 6.