UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**BETTY VERDIN**                                              **CIVIL ACTION NO.**

**VERSUS**                                                    **22-531-BAJ-EWD**

**FEDERAL EMERGENCY**
**MANAGEMENT AGENCY**

## NOTICE

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 12, 2023

                                                                                  _/s/ Erin Wilder-Doomes_
                                                                                  **ERIN WILDER-DOOMES**
                                                                                  **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**BETTY VERDIN**                                    **CIVIL ACTION NO.**

**VERSUS**                                          **22-531-BAJ-EWD**

**FEDERAL EMERGENCY**
**MANAGEMENT AGENCY**

### MAGISTRATE JUDGE'S REPORT, RECOMMENDATION, AND ORDER

Before the Court is the Rule 12(b)(1) Motion to Dismiss ("Motion"),[1] filed by Defendant The United States of America, on behalf of the Federal Emergency Management Agency ("FEMA") (the "United States"). The Motion is considered unopposed as no timely opposition memorandum was filed.[2] It is recommended that the Motion be granted, and that this matter dismissed without prejudice because Plaintiff Betty Verdin ("Verdin") has not established that this Court has subject matter jurisdiction over her claims.

**I.    BACKGROUND**

On August 3, 2022, Verdin, who is representing herself and proceeding in forma pauperis,[3] filed a Complaint against FEMA, related to her claims for rental assistance after Hurricane Ida which hit the coast of Louisiana on August 21, 2021.[4] Specifically, Verdin alleged (1) that she applied for rental assistance from FEMA after Hurricane Ida, (2) that FEMA denied rental assistance, (3) that she appealed that decision, and her appeal was denied for lack of information, and (4) that even though she provided FEMA with "everything they asked [her] for," her application for rental assistance was again denied.[5] Summonses were issued to, and served on,

---

[1] R. Doc. 10.
[2] Any opposition memorandum was due within twenty-one (21) days after the Motion was filed on October 3, 2022. Local Civil Rule 7(f). Verdin has not responded to the Motion and the deadlines to do so have expired.
[3] The same day she filed her Complaint, Verdin filed a motion to proceed without prepaying the filing fee ("in forma pauperis"), which the Court granted. *See* R. Docs. 2 & 3.
[4] R. Doc. 1.
[5] *Id*.

FEMA, the U.S. Attorney General, and the U.S. Attorney for the Middle District of Louisiana, in compliance with Fed. R. Civ. P. 4(i).[6]

On October 3, 2022 the United States, on behalf of FEMA, appeared in this matter and moved to dismiss Verdin's Complaint for lack of subject matter jurisdiction.[7] Specifically, the United States argues that this Court lacks subject matter jurisdiction over Verdin's claims, which, as a result, must be dismissed for two reasons: (1) the United States has not waived its sovereign immunity to this suit, and, (2) under 42 U.S.C. § 5148, the United States cannot be held liable to Verdin "for any claims based upon the exercise or performance of or the failure to exercise or perform a discretionary function or duty on the part of a Federal agency or an employee of the Federal Government carrying out the provisions of the [Stafford Act]."[8]

Verdin's deadline to oppose the Motion under Local Civil Rule 7(f) was October 25, 2022.[9] Verdin did not file an opposition to the Motion by the deadline, nor has she filed an opposition, or requested additional time to do so, to date. Accordingly, the Motion is deemed unopposed.

## II. LAW AND ANALYSIS

### A. Federal Rule of Civil Procedure 12(b)(1) Standard

Motions filed under Fed. R. Civ. P. 12(b)(1) allow a party to challenge the subject matter

---

[6] R. Docs. 4, 7, 8, & 9.
[7] R. Docs. 10.
[8] *Id.*, at p. 1; *see also* R. Doc. 1-2, pp. 4-9. Under Section 5174 of the Stafford Act, and in response to a major disaster (as that term is defined in 42 U.S.C. § 5122(2)), the "President, in consultation with the Governor of a State, may provide financial assistance, and, if necessary, direct services, to individuals and households in the State who, as a direct result of a major disaster, have necessary expenses and serious needs in cases in which the individuals and households are unable to meet such expenses or needs through other means." Such assistance may include "financial assistance to individuals or households to rent alternate housing accommodations, existing rental units, manufactured housing, recreational vehicles, or other readily fabricated dwellings," as well as "the payment of the cost of utilities, excluding telephone service." *Id.*, at § 5174(c)(1)(A)(i).
[9] Local Civil Rule 7(f) provides that any party "opposing a motion shall file a response, including opposing affidavits, and such supporting documents as are then available, within **twenty-one days** after service of the motion" (emphasis added). The certificate of service attached to the Motion indicates that the United States served Verdin with a copy of the Motion via certified U.S. mail on October 3, 2022. R. Doc. 10, p. 2.

jurisdiction of the Court to hear a case.[10] Under Rule 12(b)(1), a claim is "properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim."[11] "In determining its jurisdiction, the Court may consider "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts."[12] "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction."[13] "Dismissal of a party's claims is appropriate under [Rule] 12(b)(1) if a party fails to carry this burden."[14]

### B. The Court Lacks Subject Matter Jurisdiction Over Verdin's Claims

The United States contends that the Court does not have jurisdiction over Verdin's claims because (1) the United States has not waived sovereign immunity for such claims and, (2) even if it had, the discretionary function exception in § 5148 of the Stafford Act applies, foreclosing Verdin's claims in this matter. The United States is correct.

"The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress,"[15] and because "[s]overeign immunity is jurisdictional in nature, Congress's waiver of [it] must be unequivocally expressed in statutory text and will not be implied."[16] As the party asserting that this Court has subject matter jurisdiction (because she filed suit here), Verdin "bears the burden of showing Congress's unequivocal waiver of sovereign

---

[10] *Robertson v. Scheuermann*, No. 18-75, 2019 WL 96233, at *1 (M.D. La. Jan. 3, 2019), quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).
[11] *In re FEMA Trailer Formaldehyde Products Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012), quoting *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).
[12] *Kamath v. Batson*, No. 19-265, 2020 WL 414462, at *1 (M.D. La. Jan. 24, 2020), quoting *Carroll v. Abide*, 788 F.3d 502, 504 (5th Cir. 2015) (citation omitted).
[13] *Robertson*, 2019 WL 96233, at *1, quoting *Ramming*, 281 F.3d at 161 (citations omitted).
[14] *Johnson v. Dettmering*, No. 19-774, 2021 WL 32334623, at *1 (M.D. La. July 29, 2021) (citations omitted).
[15] *St. Tammany Parish, ex rel. Davis v. Federal Emergency Management Agency*, 556 F.3d 307, 316 (5th Cir. 2009), quoting *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983).
[16] *Id.* (internal quotations and citations omitted).

3

immunity."[17] Verdin has not, and cannot, show that Congress unequivocally waived sovereign immunity with respect to her claims. Indeed, controlling case law is clear that the "Stafford Act does not contain a waiver of sovereign immunity."[18] Without an express waiver of sovereign immunity in the Stafford Act, this Court lacks subject matter jurisdiction over Verdin's claims for denial of rental assistance under that Act.

Additionally, the Stafford Act also contains a discretionary function exception in 42 U.S.C. § 5148, which "protect[s] the government from liability for claims based on its discretionary conduct brought pursuant to the [Federal Tort Claims Act, Administrative Procedures Act], or other statutes of general applicability."[19] Relevant here, § 5148 "preclude[s] judicial review of all disaster relief claims based upon the discretionary actions of federal employees."[20] Under controlling case law, the phrase "discretionary function or duty" in § 5148 has the same meaning as it does in § 2680 of the Federal Tort Claims Act, 28 U.S.C. § 1346, *et seq*.[21] Because of this, the same two-part test developed by the Supreme Court applies to determine "whether agency conduct qualifies as a discretionary function or duty under this exception."[22] First, the Court must consider whether the conduct is a "matter of choice for the acting employee."[23] Second, "assuming

---

[17] *St. Tammany Parish, ex rel. Davis v. Federal Emergency Management Agency*, 556 F.3d at 315 (citations omitted).
[18] *Id*., at 318 (citation omitted). *See also Freeman v. U.S.*, 556 F.3d 326, 336 (5th Cir. 2009); *Armstead v. Napolitano*, No. No. 11-1095, 2012 WL 686286, at *3 (E.D. La. Mar. 2, 2012).
[19] *St. Tammany Parish*, 556 F.3d at 318. Specifically, the Stafford Act's discretionary function exception states: "The Federal Government shall not be liable for any claim based upon the exercise or performance of or the failure to exercise or perform a discretionary function or duty on the part of a Federal agency or an employee of the Federal Government in carrying out the provisions of this chapter." 42 U.S.C. § 5148.
[20] *St. Tammany Parish*, 556 F.3d at 318, quoting *Rosas v. Brock*, 826 F.2d 1004, 1008 (11th Cir. 1987).
[21] *Id*. at 319.
[22] *Id*. at 323, citing *U.S. v. Gaubert*, 499 U.S. 315, 322-23 (1991) (citing *Berkovitz v. U.S.*, 486 U.S. 531, 536-37 (1988)).
[23] *St. Tammany Parish*, 556 F.3d at 323. The act must "involve an element of judgment or choice." *Id*. (citations omitted). Put differently, "[i] If a statute, regulation, or policy leaves it to a federal agency to determine when and how to take action, the agency is not bound to act in a particular manner and the exercise of its authority is discretionary." *Id*. (citations omitted). Conversely, "[t]he requirement of judgment or choice is not satisfied and the discretionary function exception does not apply if a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow, because the employee has no rightful option but to adhere to the directive." *Id*. (internal quotations and citations omitted).

4

the challenged conduct involves an element of judgment," the court must still decide whether the "judgment is of the kind that the discretionary function exception was designed to shield."[24] Applying this two-factor test, controlling case law has found that the Stafford Act's discretionary function exception applied to a plaintiff's claims related to the United States' "decisions not to approve funding for debris removal in the aftermath of Hurricane Katrina."[25] Likewise, this Court has held that the Stafford Act's discretionary function exception protected the United States from a plaintiff's claims related to the "denial of temporary housing assistance" under the Stafford Act in the "wake of catastrophic flooding."[26]

Here, Verdin's claims relate to FEMA's denial of her claim for rental assistance (or its decision to discontinue providing rental assistance) following Hurricane Ida.[27] Although it is unclear from the Complaint whether Verdin was initially denied rental assistance by FEMA and denied again on appeal or given rental assistance by FEMA initially but denied further assistance later, that is not relevant because (1) the Stafford Act "contains only a permissive grant of authority to FEMA (through the President) to provide rental assistance";[28] (2) given the "entirely permissive terms" used in the Stafford Act and related regulations, "an individual has no right to receive rental

---

[24] *Id*. (citations omitted). With respect to this factor, "[b]ecause the purpose of the exception is to prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort, when properly construed, the exception protects only governmental actions and decisions based on considerations of public policy. In this regard, if a regulation allows the employee discretion, the very existence of the regulation creates a strong presumption that a discretionary act authorized by the regulation involves consideration of the same policies which led to the promulgation of the regulation." *Id*. at 323-24, citing *Gaubert,* 499 U.S. at 323-24 (quoting *Berkovitz,* 486 U.S. at 537) (some internal quotations omitted).
[25] *St. Tammany Parish*, 556 F.3d at 310.
[26] *People's Workshop, Inc. v. Federal Emergency Management Agency*, No. 17-107, 2019 WL 1140196 (M.D. La. Mar. 12, 2019).
[27] R. Doc. 1, p. 1.
[28] *Ridgely v. Federal Emergency Management Agency*, 512 F.3d 727, 736 (5th Cir. 2008), citing 42 U.S.C. § 5174(c)(1)(A)(i) ("The President *may* provide financial assistance to individuals…to rent alternate housing accommodations…") (emphasis added in *Ridgely*).

5

assistance, even if assistance is being offered and [s]he meets the eligibility";[29] and (3) the Stafford Act and related regulations "do not mandate the payment of a single award of continued rent assistance to eligible individuals, much less a continuing stream of payments."[30] Discussing a plaintiff's claim for temporary housing assistance under § 5174 of the Stafford Act in light of the two-part test, this Court aptly explained:

> Here, there is no doubt that, even if the plaintiffs could claim a right to relief under the Stafford Act, the discretionary function exception does not block the United States' immunity from suit. "[T]he Stafford Act, its regulations, and related agency guidance do not give rise to a mandatory duty," and "instead permit discretionary, policy-oriented choices that cannot be the basis for the court's subject matter jurisdiction." *St. Tammany Parish*, 556 F.3d at 325–26. Indeed, "decisions involving the allocation and deployment of limited governmental resources are the type of administrative judgment that the discretionary function exception was designed to immunize from suit." *Fang v. United States*, 140 F.3d 1238, 1241 (9th Cir. 1998). Thus, the decisions complained of by the plaintiffs here, which include the denial of temporary housing assistance and the decision to locate temporary housing outside of Clinton and in another parish, fall squarely within the Stafford Act's discretionary function exception even to the extent a statutory waiver of sovereign immunity existed and applied to the case at hand, which has not been shown.[31]

This reasoning is equally applicable to Verdin's claims for rental assistance under § 5174 of the Stafford Act.

Because Verdin has not, and cannot, point to a specific statutory waiver of the United States' sovereign immunity with respect to her claim and, even if she could, the Stafford Act's discretionary function exception applies to her claims, the United States is immune from her suit. Therefore, it is recommended that the United States' Motion be granted and that Verdin's claims against it in this case be dismissed without prejudice.

---

[29] *Id.*, citing § 5174(c)(1)(A)(i) and 44 C.F.R. §§ 206.113(a), 206.114(a) ("FEMA *may* provide assistance to individuals…who qualify for such assistance," and "FEMA *may* provide continued housing assistance." (emphasis added in *Ridgely*).
[30] *Id.* at 737-38.
[31] *People's Workshop*, 2019 WL 1140196, at *9.

6

### III.    CONCLUSION AND RECOMMENDATION

As this Court's lacks subject matter jurisdiction over the claims asserted in this suit,

**IT IS RECOMMENDED** that the Rule 12(b)(1) Motion,[32] filed by the United States, be **GRANTED**, and that the claims of Plaintiff Betty Verdin in this case be **DISMISSED WITHOUT PREJUDICE**.

### ORDER

**IT IS ORDERED** that the Clerk of Court shall send this Report and Recommendation to Plaintiff Betty Verdins at the address listed on PACER by regular and by certified mail, return receipt requested.

Signed in Baton Rouge, Louisiana, on July 12, 2013.

*[signature: Erin Wilder-Doomes]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[32] R. Doc. 10.